IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SERGIO EDUARDO RAMIREZ GARCIA, § § § § Movant, § § § No. 3:20-cv-3068-D (BT) § No. 3:15-cr-0369-D-3 v. § § UNITED STATES of AMERICA, § § Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On October 6, 2020, Movant Sergio Eduardo Ramirez Garcia initiated this civil action by filing a "Request for Equitable Tolling or Extension of Time to File Motion for Ineffective Assistance of Counsel, Persuant [sic] to 28 U.S.C. 2255" (ECF No. 2). The District Court referred the matter to the undersigned United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. For the following reasons, the undersigned recommends that the case be dismissed without prejudice for lack of jurisdiction.

I.

On March 5, 2018, Garcia pleaded guilty to count two of a second superseding indictment, charging him with possession of a controlled substance with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii). Seven months later, the Court sentenced him to 294 months'

1

imprisonment. Garcia appealed to the Fifth Circuit Court of Appeals, and on October 7, 2019, the Fifth Circuit affirmed the district court's judgment.

Garcia then filed his "Request for Equitable Tolling or Extension of Time to File Motion for Ineffective Assistance of Counsel, Persuant [sic] to 28 U.S.C. 2255." Specifically, he moves for an extension of time and the application of equitable tolling based on extraordinary and compelling circumstances beyond his control and the presence of good cause. Garcia has not filed a motion under § 2255 to vacate, set aside or correct his sentence.

II.

Under Article III of the Constitution, the judicial power of the federal courts is limited to "cases" or "controversies." *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). The exercise of federal jurisdiction under the Constitution therefore "depends on the existence of a case or controversy, and a federal court lacks the power to render advisory opinions." *United States Nat'l Bank v. Indep. Ins. Agents of Am., Inc.*, 508 U.S. 439, 446 (1993) (quotation marks and bracket omitted). A federal district court lacks jurisdiction to entertain a motion for extension of time within which to file a § 2255 petition because it presents no case or controversy and would result in the rendering of an advisory opinion.[1] *See United States v. Bautista*, 548 F. App'x 254 (5th Cir. 2013) (per curiam) ("The district court lacked jurisdiction to entertain [the] motion for

---

[1] Section 2255 does not authorize federal courts to prospectively extend, stop, or toll the one-year statute of limitations. *See* 28 U.S.C. § 2255(f).

extension of time to file a § 2255 motion.") (citing *United States v. Leon*, 203 F.3d 162, 163 (2d Cir. 2000)); *United States v. McFarland*, 125 F. App'x 573 (5th Cir. 2005) (per curiam) ("[A] federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition is actually filed.") (quoting *Leon*, 203 F.3d at 163); *United States v. Shipman*, 61 F. App'x 919 (5th Cir. 2003) (per curiam) ("Before the petition itself is filed, there is no case or controversy to be heard, and any opinion we were to render on the timeliness issue would be merely advisory.") (internal quotation marks omitted).

Garcia moves for an extension of time within which to file his § 2255 petition based on ineffective assistance of counsel. He claims that due to the COVID-19 pandemic there is no access to "typing equipment" and legal materials at his prison. He further claims that he is experiencing extraordinary and compelling circumstances that are both beyond his control and simply unavoidable. But this Court lacks jurisdiction to address Garcia's request because it presents no case or controversy. Consequently, any decision rendered by this Court would be an advisory opinion.

### III.

For the foregoing reasons, the Court recommends this case be DISMISSED without prejudice for lack of jurisdiction.

Signed October 13, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

3

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).